AARON D. FORD
  Attorney General
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada, Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3416 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for Kirk D. Hendrick, George Assad, Chandeni K. Sendall, The State of Nevada on Relation of the Nevada Gaming Control Board, and Aaron D. Ford*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NORTH AMERICAN DERIVATIVES EXCHANGE, INC. d/b/a CRYPTO.COM \| DERIVATIVES NORTH AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; THE STATE OF NEVADA ON RELATION OF THE NEVADA GAMING CONTROL BOARD; AARON D. FORD, in his official capacity as Attorney General of Nevada,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-00978-APG-DJA<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF** |

/ / /

/ / /

/ / /

**DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Defendants, KIRK D. HENDRICK[1], in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board, CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; THE STATE OF NEVADA ON RELATION OF THE NEVADA GAMING CONTROL BOARD; and AARON D. FORD, in his official capacity as Attorney General of Nevada (collectively "Defendants"), by and through their attorneys of record, answer Plaintiff's Complaint for Injunction and Declaratory Relief as follows:

## INTRODUCTION

1. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

2. Defendants admit that Nevada, through the NGCB, has jurisdiction over Plaintiff North American Derivatives Exchange, Inc. d/b/a Crypto.com|Derivatives North America (CDNA). The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

3. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

4. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

---

[1] On June 23, 2025, Mike Dreitzer assumed the office of Chairman of the Nevada Gaming Control Board.

5. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

6. Defendants admit that, on April 28, 2025, Judge Edward S. Kiel of the U.S. District Court for the District of New Jersey entered a preliminary injunction against New Jersey gaming authorities and in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

7. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

8. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

9. Defendants admit that CDNA offers what it calls "Sports Event Contracts" in Nevada and that the payout of the "Sports Event Contracts" depends on the outcome of a live sporting event. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

10. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in the paragraph speak for themselves. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations in the paragraph and therefore deny the same.

11. The allegations of this paragraph purport to summarize and/or quote from a documents, which speak for themselves. Defendants deny any allegation that is inconsistent with the documents. Defendants deny the remaining allegations of this paragraph.

/ / /

/ / /

12. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

13. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

14. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## JURISDICTION AND VENUE

15. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

16. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## PARTIES

17. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

18. Defendants admit the allegations of this paragraph, with the qualification that, on June 23, 2025, Mike Dreitzer assumed the office of Chairman of the Nevada Gaming Control Board.

19. Defendants admit the allegations of this paragraph.

20. Defendants admit the allegations of this paragraph.

21. Defendants deny the allegations of this paragraph.

22. Defendants admit the allegations of this paragraph.

/ / /

/ / /

## FACTUAL ALLEGATIONS

23. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

24. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

25. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

26. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

27. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

28. Defendants admit that the Commodities Exchange Act (CEA) was enacted in 1936. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

29. Defendants admit that Congress amended the CEA in 1974. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

30. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

/ / /

/ / /

31. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

32. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in the paragraph speaks for itself. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations in the paragraph and therefore deny the same.

33. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

34. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

35. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

36. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

37. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in the paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

38. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

///

///

///

39. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

40. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

41. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

42. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

43. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

44. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

45. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

46. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

47. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

48. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

49. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

50. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

51. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

52. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

53. The allegations of this paragraph contain legal conclusions, to which no response is required. The document identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

54. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

55. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

56. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

57. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

///

58. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

59. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

60. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

61. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

62. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

63. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

64. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

65. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

66. The document and statutes identified in this paragraph speak for themselves. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

67. The document identified in this paragraph speaks for itself. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

68. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

69. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC and that, on May 20, 2025, the NGCB sent a letter to CDNA titled "Order to Cease and Desist Unlawful Activity in the State of Nevada." The remaining allegations of this paragraph purport to summarize and/or quote from a document which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

70. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

71. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

72. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

73. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

74. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

75. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

76. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC and that, on April 28, 2025, Judge Edward S. Kiel of the U.S. District Court for the District of New Jersey

entered a preliminary injunction against New Jersey gaming authorities and in favor of KalshiEX, LLC. Defendants deny the remaining allegations of this paragraph.

77. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

78. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

79. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

80. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

81. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

82. Defendants admit the allegations of this paragraph.

83. Defendants admit that, on April 28, 2025, Judge Edward S. Kiel of the U.S. District Court for the District of New Jersey entered a preliminary injunction against New Jersey gaming authorities and in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

84. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

85.  The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

86.  Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

87.  Defendants admit that CDNA permits what it calls "Sports Event Contracts" to be purchased and sold by residents of Nevada. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

88.  The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

89.  Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

90.  Defendants deny the allegations of this paragraph.

91.  Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

92.  The statute identified in this paragraph speaks for itself. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

93.  The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

94.  The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

///

95. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in the paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

96. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

97. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

98. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT I

### (Declaratory Judgment – Express Preemption – Against All Defendants)

99. Defendants incorporate all prior paragraphs by reference.

100. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in the paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

101. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

102. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

103. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

104. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

105. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

106. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

107. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## **COUNT II**

**(Declaratory Judgment – Field Preemption – Against All Defendants)**

108. Defendants incorporate all prior paragraphs by reference.

109. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

110. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

111. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

112. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

/ / /

113. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

114. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

115. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

116. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

117. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT III

### (Declaratory Judgment – Conflict Preemption – Against All Defendants)

118. Defendants incorporate all prior paragraphs by reference.

119. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

120. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

121. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

122. Defendants deny the allegations of this paragraph.

123. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

124. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

125. Defendants deny the allegations of this paragraph.

126. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred, in whole or in part, by Eleventh Amendment immunity.

3. Plaintiff's claim is barred, in whole or in part, by official act immunity.

4. Plaintiff's claim is barred, in whole or in part, by discretionary act immunity.

5. Plaintiff's claim is barred by the Tenth Amendment.

6. Plaintiff's claim is barred by the doctrine of judicial estoppel.

7. Plaintiff's claim is barred by the doctrine of collateral estoppel.

8. Plaintiff's claim is barred by the doctrine of unclean hands.

9. Plaintiff cannot show that it will suffer irreparable harm.

10. Plaintiff has failed to mitigate any alleged harm.

11. Congress did not intend to preempt state gaming laws with the enactment of the Commodity Exchange Act.

12. Nevada State Gaming Laws do not conflict with the Commodity Exchange Act.

///

13. The presumption against preemption in areas traditionally regulated by the states bars Plaintiff's claim.

14. Defendants incorporate and assert any and all affirmative defenses advanced by Intervenors in this action.

15. Defendants incorporate and assert the affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure.

16. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for Defendants after reasonable inquiry, and, therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request:

1. That Plaintiff takes nothing by way of their Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice; and

3. For such other and further relief as this Court deems just and proper.

DATED this 14th day of July, 2025.

        AARON D. FORD
        Attorney General

        By: */s/ Jessica E. Whelan*
           Jessica E. Whelan (Bar No. 14781)
           Chief Deputy Solicitor General – Litigation
           Sabrena K. Clinton (Bar No. 6499)
           Senior Deputy Attorney General

        *Attorneys for Kirk D. Hendrick, George Assad, Chandeni K. Sendall, The State of Nevada on Relation of the Nevada Gaming Control Board, and Aaron D. Ford*