| | |
|---|---|
| AARON D. FORD<br>  Attorney General<br>JESSICA E. WHELAN (Bar No. 14781)<br>  Chief Deputy Solicitor General<br>SABRENA K. CLINTON (Bar No. 6499)<br>  Senior Deputy Attorney General<br>State of Nevada, Office of the Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>(702) 486-3420 (phone)<br>(702) 486-3416 (fax)<br>jwhelan@ag.nv.gov<br>sclinton@ag.nv.gov | Nicole A. Saharsky (*pro hac vice*)<br>Minh Nguyen-Dang (*pro hac vice*)<br>Mayer Brown LLP<br>1999 K Street, NW<br>Washington, D.C. 20006<br>(202) 263-3000 (phone)<br>nsaharsky@mayerbrown.com<br>mnguyen-dang@mayerbrown.com<br><br>Rory K. Schneider (*pro hac vice* pending)<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 506-2500 (phone)<br>rschneider@mayerbrown.com |

*Attorneys for Mike Dreitzer, George Assad, Chandeni K. Sendall, The State of Nevada on Relation of the Nevada Gaming Control Board, and Aaron D. Ford*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NORTH AMERICAN DERIVATIVES EXCHANGE, INC. d/b/a CRYPTO.COM \| DERIVATIVES NORTH AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>MIKE DREITZER, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; THE STATE OF NEVADA ON RELATION OF THE NEVADA GAMING CONTROL BOARD; AARON D. FORD, in his official capacity as Attorney General of Nevada,<br><br>      Defendants,<br><br>   v. | Case No. 2:25-cv-00978-APG-BNW<br><br>**STATE DEFENDANTS'<br>AMENDED ANSWER<br>TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF** |

1  NEVADA RESORT ASSOCIATION,
2           Intervenor-Defendant,

3  ///
   ///
4  **STATE DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**
5

6   Defendants, MIKE DREITZER, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board, CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; THE STATE OF NEVADA ON RELATION OF THE NEVADA GAMING CONTROL BOARD; and AARON D. FORD, in his official capacity as Attorney General of Nevada (collectively "Defendants"), by and through their attorneys of record, answer Plaintiff's Complaint for Injunction and Declaratory Relief as follows:

## INTRODUCTION

1. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

2. Defendants admit that Nevada, through the NGCB, has jurisdiction over Plaintiff North American Derivatives Exchange, Inc. d/b/a Crypto.com|Derivatives North America (CDNA). The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

3. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

4. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

5. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

6. Defendants admit that, on April 28, 2025, Judge Edward S. Kiel of the U.S. District Court for the District of New Jersey entered a preliminary injunction against New Jersey gaming authorities and in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

7. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

8. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

9. Defendants admit that CDNA offers what it calls "Sports Event Contracts" in Nevada and that the payout of the "Sports Event Contracts" depends on the outcome of a live sporting event. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

10. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in the paragraph speak for themselves. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations in the paragraph and therefore deny the same.

11. The allegations of this paragraph purport to summarize and/or quote

from a documents, which speak for themselves. Defendants deny any allegation that is inconsistent with the documents. Defendants deny the remaining allegations of this paragraph.

12. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

13. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

14. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## JURISDICTION AND VENUE

15. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

16. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## PARTIES

17. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

18. Defendants admit the allegations of this paragraph, with the qualification that, on June 23, 2025, Mike Dreitzer assumed the office of Chairman of the Nevada Gaming Control Board.

19. Defendants admit the allegations of this paragraph.

20. Defendants admit the allegations of this paragraph.

21. Defendants deny the allegations of this paragraph.

22. Defendants admit the allegations of this paragraph.

**FACTUAL ALLEGATIONS**

23. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

24. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

25. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

26. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

27. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

28. Defendants admit that the Commodities Exchange Act (CEA) was enacted in 1936. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

29. Defendants admit that Congress amended the CEA in 1974. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

30. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

31. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

32. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in the paragraph speaks for itself. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations in the paragraph and therefore deny the same.

33. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

34. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

35. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

36. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

37. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in the paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

38. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

39. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and

therefore deny the same.

40. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

41. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

42. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

43. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

44. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

45. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

46. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

47. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

48. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

49. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves.

1  To the extent a response is required, Defendants deny the allegations of this
2  paragraph.

3     50.   The allegations of this paragraph contain legal conclusions, to which no
4  response is required. The statutes identified in this paragraph speak for themselves.
5  To the extent a response is required, Defendants deny the allegations of this
6  paragraph.

7     51.   Defendants lack knowledge sufficient to form a belief about the truth of
8  the allegations of this paragraph and therefore deny the same.

9     52.   The allegations of this paragraph contain legal conclusions, to which no
10 response is required. To the extent a response is required, Defendants deny the
11 allegations of this paragraph.

12    53.   The allegations of this paragraph contain legal conclusions, to which no
13 response is required. The document identified in this paragraph speaks for itself.  To
14 the extent a response is required, Defendants deny the allegations of this paragraph.

15    54.   The allegations of this paragraph contain legal conclusions, to which no
16 response is required. The statute identified in this paragraph speaks for itself.  To the
17 extent a response is required, Defendants deny the allegations of this paragraph.

18    55.   The allegations of this paragraph contain legal conclusions, to which no
19 response is required. The statutes identified in this paragraph speak for themselves.
20 To the extent a response is required, Defendants deny the allegations of this
21 paragraph.

22    56.   The allegations of this paragraph contain legal conclusions, to which no
23 response is required. To the extent a response is required, Defendants deny the
24 allegations of this paragraph.

25    57.   The allegations of this paragraph contain legal conclusions, to which no
26 response is required. The statute identified in this paragraph speaks for itself. To the
27 extent a response is required, Defendants deny the allegations of this paragraph.

28    58.   The allegations of this paragraph contain legal conclusions, to which no

response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

59. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

60. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

61. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

62. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

63. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

64. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

65. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

66. The document and statutes identified in this paragraph speak for themselves. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

67. The document identified in this paragraph speaks for itself. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

68. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

69. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon

of this Court entered a preliminary injunction in favor of KalshiEX, LLC and that, on May 20, 2025, the NGCB sent a letter to CDNA titled "Order to Cease and Desist Unlawful Activity in the State of Nevada." The remaining allegations of this paragraph purport to summarize and/or quote from a document which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

70. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

71. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

72. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

73. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

74. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

75. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

76. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC and that, on April 28, 2025, Judge Edward S. Kiel of the U.S. District Court for the District of New

Jersey entered a preliminary injunction against New Jersey gaming authorities and in favor of KalshiEX, LLC. Defendants deny the remaining allegations of this paragraph.

77. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

78. Defendants admit that, on April 9, 2025, Chief Judge Andrew P. Gordon of this Court entered a preliminary injunction in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

79. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

80. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

81. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

82. Defendants admit the allegations of this paragraph.

83. Defendants admit that, on April 28, 2025, Judge Edward S. Kiel of the U.S. District Court for the District of New Jersey entered a preliminary injunction against New Jersey gaming authorities and in favor of KalshiEX, LLC. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

84. The allegations of this paragraph contain legal conclusions, to which no

response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

85. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

86. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

87. Defendants admit that CDNA permits what it calls "Sports Event Contracts" to be purchased and sold by residents of Nevada. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

88. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

89. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

90. Defendants deny the allegations of this paragraph.

91. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

92. The statute identified in this paragraph speaks for itself. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

93. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

94. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

95. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in the paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

96. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

97. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

98. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT I

### (Declaratory Judgment – Express Preemption –Against All Defendant)

99. Defendants incorporate all prior paragraphs by reference.

100. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in the paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

101. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

102. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

103. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

104. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

105. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

106. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

107. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT II

### (Declaratory Judgment – Field Preemption – Against All Defendants)

108. Defendants incorporate all prior paragraphs by reference.

109. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

110. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

111. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

112. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

113. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

114. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

115. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

116. The allegations of this paragraph contain legal conclusions, to which no response is required. The statutes identified in this paragraph speak for themselves. To the extent a response is required, Defendants deny the allegations of this paragraph.

117. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT III
### (Declaratory Judgment – Conflict Preemption –Against All Defendants)

118. Defendants incorporate all prior paragraphs by reference.

119. The allegations of this paragraph contain legal conclusions, to which no response is required. The statute identified in this paragraph speaks for itself. To the extent a response is required, Defendants deny the allegations of this paragraph.

120. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

121. The allegations of this paragraph purport to summarize and/or quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document.

122. Defendants deny the allegations of this paragraph.

123. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

124. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

125. Defendants deny the allegations of this paragraph.

126. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred, in whole or in part, by Eleventh Amendment immunity.

3. Plaintiff's claim is barred, in whole or in part, by official act immunity.

4. Plaintiff's claim is barred, in whole or in part, by discretionary act immunity.

5. Plaintiff's claim is barred by the Tenth Amendment.

6. Plaintiff's claim is barred by the doctrine of unclean hands. Plaintiff self-certified its gaming event contracts with the knowledge that they were based on gaming and prohibited by the CEA and CFTC regulations, including 7 C.F.R. § 40.11(a), and with the knowledge that its gaming event contracts are traditionally and properly the subject of state regulation. Despite this, Plaintiff nevertheless inequitably brought Defendants to Court seeking injunctive relief to ignore those regulations and to substantially delay or remove entirely Nevada's ability to regulate Plaintiff's activity.

7. Plaintiff cannot show that it will suffer irreparable harm.

8. Plaintiff has failed to mitigate any alleged harm. Plaintiff was aware when it chose to enter the sports betting market of the risk that the State of Nevada would exercise its traditional police powers to regulate gaming and would enforce its gaming laws. Plaintiff has not taken any steps to avoid the consequences or ameliorate the harms that it alleges will occur if state law is applied to regulate its activities. For example, Plaintiff could have applied for a gaming license with the state to offer sports betting products, but failed to do so. Moreover, upon information and belief, Plaintiff has not reasonably evaluated the extent to which it can simultaneously comply with both Nevada law and Federal law, such that no harm would occur absent a permanent injunction.

9. Congress did not intend to preempt state gaming laws with the enactment of the Commodity Exchange Act.

10. Nevada State Gaming Laws do not conflict with the Commodity Exchange Act.

11. The presumption against preemption in areas traditionally regulated by the states bars Plaintiff's claim.

12. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for Defendants after reasonable inquiry, and, therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request:

1. That Plaintiff takes nothing by way of their Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice; and

3. For such other and further relief as this Court deems just and proper.

DATED this 4th day of November, 2025.

AARON D. FORD
Attorney General

By: */s/ Rory K. Schneider*
    Jessica E. Whelan (Bar No. 14781)
    Chief Deputy Solicitor General Litigation
    Sabrena K. Clinton (Bar No. 6499)
    Senior Deputy Attorney General

    Nicole A. Saharsky (*pro hac vice*)
    Minh Nguyen-Dang (*pro hac vice*)
    Mayer Brown LLP
    1999 K Street, NW
    Washington, D.C. 20006
    (202) 263-3000 (phone)
    nsaharsky@mayerbrown.com
    mnguyen-dang@mayerbrown.com

    Rory K. Schneider (*pro hac vice* pending)
    Mayer Brown LLP
    1221 Avenue of the Americas
    New York, NY 10020
    (212) 506-2500 (phone)
    rschneider@mayerbrown.com

*Attorneys for Mike Dreitzer, George Assad, Chandeni K. Sendall, The State of Nevada on Relation of the Nevada Gaming Control Board, and Aaron D. Ford*