**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| North American Derivatives Exchange, Inc., | Case No. 2:25-cv-00978-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| The State of Nevada on relation of the Nevada Gaming Control Board, et al., | |
| Defendants. | |

Before this Court are two motions for leave to file notice of supplemental authority, one by Defendants (ECF No. 155) and one by Plaintiff (ECF No. 160). Plaintiff and the State Defendants opposed. ECF Nos. 156 and 162. This Court finds good cause to grant both motions.

**I.   BACKGROUND**

Defendants seek to notify this Court of a recent order by Chief Judge Gordon from the case *KalshiEX, LLC, v. Kirk D. Hendrick et al.*, No. 2:25-cv-00575-APG-BNW. ECF No. 155 at 2–3. They contend that good cause exists because the order is, at minimum, "particularly persuasive or helpful" given that this case is related, and Chief Judge Gordon addressed a similar issue. *Id.* Plaintiffs oppose and argue that Chief Judge Gordon's order is inapplicable to a ruling on the pending motion for protective order because the facts are distinguishable. ECF No. 156 at 2–3.

Plaintiff seeks to notify this Court of the recent Public Statements and Remarks of Commodity Futures Trading Commission Chairman Michael Selig. ECF No. 160 at 2. Plaintiff contends that good cause exists because the statement is "particularly persuasive and helpful" in demonstrating that discovery is unnecessary to resolve the purely legal questions at issue in this case. *Id.* at 3. State Defendants oppose and argue that the statement by Chairman Selig does not have the force of law (i.e., is not an "authority" within the meaning of the local rules) and does not bear on the issues presented. ECF No. 162 at 2–3.

## II. DISCUSSION

### A. Legal Standard

Under Local Rule 7-2(g), the court may grant a party leave to file a notice of supplemental pleadings, briefs, authorities, or evidence upon a showing of good cause. "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Apls Prop. & Cas. Ins. Co. v. Kalicki Collier LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (citing *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-CV-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019)).

Here, good cause exists to grant both motions. The order by Chief Judge Gordon is from a related case and bears on similar issues, so it is "particularly persuasive or helpful." This Court is mindful of the factual distinctions Plaintiff made in its opposition (ECF No. 156) and will consider those points in conjunction with the order. The statement by Chairman Selig is also "particularly persuasive or helpful" as it relates to issues in the pending motion. Again, this Court is mindful of the concerns Defendants addressed in their opposition (ECF No. 162) and will consider those points in conjunction with the statement. Finally, this Court declines to impose a narrow reading of "supplemental pleadings, briefs, authorities, or evidence" under Local Rule 7-2(g) absent binding case law stating differently.

## III. CONCLUSION

**IT IS ORDERED** that Defendants' motion for leave to file notice of supplemental authority (ECF No. 155) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file notice of supplemental authority (ECF No. 160) is **GRANTED**.

DATED: February 9, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE