1  AARON D. FORD
       Attorney General
2  Jessica E. Whelan (Bar No. 14781)
       Chief Deputy Solicitor General—
3      Litigation
   Sabrena K. Clinton (Bar No. 6499)
4      Senior Deputy Attorney General
   State of Nevada,
5      Office of the Attorney General
   1 State of Nevada Way, Suite 100
6  Las Vegas, NV 89119
   (702) 486-3420 (phone)
7  (702) 486-3773 (fax)
   jwhelan@ag.nv.gov
8  sclinton@ag.nv.gov

Nicole A. Saharsky (*pro hac vice*)
Minh Nguyen-Dang (*pro hac vice*)
Mayer Brown LLP
1999 K Street, NW
Washington, D.C. 20006
(202) 263-3000 (phone)
nsaharsky@mayerbrown.com
mnguyen-dang@mayerbrown.com

Rory K. Schneider (*pro hac vice*)
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500 (phone)
rschneider@mayerbrown.com

9    *Attorneys for Mike Dreitzer, George Assad, Chandeni K. Sendall, The State of*
     *Nevada on Relation of the Nevada Gaming Control Board, and Aaron D. Ford*

10

11              **UNITED STATES DISTRICT COURT**

12                  **DISTRICT OF NEVADA**

13  NORTH AMERICAN DERIVATIVES          Case No.: 2:25-cv-00978-APG-BNW
    EXCHANGE, INC. d/b/a CRYPTO.COM |
14  DERIVATIVES NORTH AMERICA,

15                  Plaintiff,

16  v.

17  MIKE DREITZER, in his official capacity as     **STATE DEFENDANTS' OPPOSITION**
    Chairman of the Nevada Gaming Control          **TO PLAINTIFF'S MOTION FOR LEAVE**
18  Board; GEORGE ASSAD, in his official           **TO FILE ADDITIONAL NOTICE OF**
    capacity as a Member of the Nevada Gaming      **SUPPLEMENTAL AUTHORITY**
19  Control Board; CHANDENI K. SENDALL, in
    her official capacity as a Member of the
20  Nevada Gaming Control Board; THE STATE
    OF NEVADA ON RELATION OF THE
21  NEVADA GAMING CONTROL BOARD;
    AARON D. FORD, in his official capacity as
22  Attorney General of Nevada,

23                  Defendants,

24                  and

25  NEVADA RESORT ASSOCIATION,
                    Intervenor-Defendant.
26

27      In its continuing effort to avoid discovery, Crypto.com seeks leave to file, as additional

28  supplemental authority, an *amicus* brief the CFTC filed in Crypto.com's appeal of Chief Judge

1    Gordon's order denying it a preliminary injunction. *See* Mot. for Leave (Mot.), ECF No. 177. The

2    CFTC's brief does not "control[] the outcome of th[is] litigation," is not "precedential," and is not

3    "particularly persuasive or helpful" in determining whether discovery is necessary in this action.

4    *Alps Prop. & Cas. Ins. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021).

5         First, the *amicus* brief does not address the only issue before the Court: Whether discovery

6    is appropriate to determine one or more of the issues in this case. Discovery is necessary here to

7    develop facts bearing on multiple issues here, including whether Crypto.com's event contracts qual-

8    ify as swaps, whether Crypto.com is capable of complying with both federal and state law, the

9    balance of harms, and the proper scope of injunctive relief. If anything, the brief suggests that some

10   discovery *is* appropriate. The CFTC states that "line drawing between a swap and a wager . . . . pre-

11   sents complicated *fact questions* concerning the exact structure and mechanics of the instruments,

12   who is the price maker, [and] the difference between an open exchange and a bilateral arrange-

13   ment . . . among others." ECF 177-1, at 20 (emphasis added). The CFTC argues that the Ninth Cir-

14   cuit need not engage in that line drawing to resolve Crypto.com's appeal but ignores that the appeal

15   is from a preliminary injunction. State Defendants are entitled to take discovery to demonstrate that

16   Crypto.com's contracts fall on the wager side of the line in connection with final judgment.

17        Second, Crypto.com misstates the CFTC's position. Nowhere in the *amicus* brief does the

18   CFTC argue that the CFTC alone "determines whether contracts listed on a DCM qualify as swaps

19   under the CEA." Mot. 3. To the contrary, the CFTC states that one of the questions for the Ninth

20   Circuit to decide is "are Appellants' CFTC exchange-traded event contracts swaps[?]" ECF 177-1,

21   at 3.  Further, the CFTC acknowledges that the CEA's "exclusive jurisdiction" provision states that

22   it does *not* "supersede or limit the jurisdiction conferred on courts of the United States or any State."

23   ECF 177-1, at 24 (quoting CEA § 2(a)(1)(A)); *see N. Am. Derivatives Exch., Inc. v. Nevada on Rel.*

24   *of Nevada Gaming Control Bd.,* 2025 WL 2916151, at *6 (D. Nev. Oct. 14, 2025) (Gordon, J.)

25   ("Nothing in the CEA takes statutory interpretation away from courts."). The CFTC acknowledges

26   that courts are responsible for differentiating between true swaps and wagers and then argues that

27   Crypto.com's contracts qualify as swaps. *See* ECF 177-1 at 19-20. If the CFTC believed that it

28

1   alone decides if a contract is a swap, there would be no reason for the CFTC to make that argument

2   to the Ninth Circuit.

3         Third, Crypto.com seeks deference to the CFTC's views on the merits. *See* Mot. 2-3 (citing

4   *Disability L. Ctr. Of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 939-40 (9th Cir. 2009)).

5   Again, that has nothing to do with the question before the Court about whether discovery should

6   proceed. And the decision it cites invokes *Chevron*, which the Supreme Court overruled in *Loper*

7   *Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Post-*Loper Bright*, courts are not supposed

8   to defer to an agency's interpretation of a statute, *id.* at 412, particularly when (as here) it comes to

9   the scope of the agency's own authority, *id.* at 433 (Gorsuch J., concurring); *see China Unicom*

10   *(Americas) Ops. Ltd. v. FCC*, 124 F.4th 1128, 1143 (9th Cir. 2024) (following *Loper Bright*, a court

11   "review[s] do novo whether [an agency] correctly interpreted the scope of its authority"). Thus, the

12   Court should consider the CFTC's position only for its persuasive value—and it is not persuasive

13   for a number of reasons. The CFTC's brief entirely ignores its own regulation providing that gam-

14   ing contracts should *not* be traded on DCMs, *see* 17 C.F.R. § 40.11; it is an abrupt change from its

15   prior position, with no explanation at all for the change, *see* Event Contracts, 89 Fed. Reg. 48968,

16   48983 (proposed June 10, 2024) (CFTC's explanation that it "does not believe that it has the statu-

17   tory mandate nor specialized experience appropriate to oversee" gaming); and it clams a broad

18   power to regulate sports betting that it has never exercised, despite arguing that it has had that

19   power for decades, ECF 177-1, at 18–20.

20         This Court has already concluded that discovery is appropriate in light of the issues pre-

21   sented by these cases. *See* Order, *KalshiEx, LLC v. Hendrick*, No. 25-cv-575 (D. Nev. Sept. 3,

22   2025) (ECF No. 118) (Weksler, J.). And Chief Judge Gordon has already ordered discovery to

23   proceed during the pendency of the related appeal in the *Kalshi* matter. *See* Order, *KalshiEx, LLC*

24   *v. Hendrick*, No. 25-cv-575 (D. Nev. Jan. 15, 2026) (ECF No. 263) (Gordon, J.)). The CFTC's

25   / / /

26   / / /

27   / / /

28

1   *amicus* brief does not impact the basis for either ruling. The Court should deny the motion for

2   leave, as well as the motion for a protective order.

3     DATED this 25th day of February, 2026.

4

5              AARON D. FORD
           Attorney General

6              By: */s/ Jessica Whelan*

7              Jessica E. Whelan (Bar No. 14781)
            Chief Deputy Solicitor General—Litigation

8              Sabrena K. Clinton (Bar No. 6499)
            Senior Deputy Attorney General

9              State of Nevada
           Office of the Attorney General

10             1 State of Nevada Way, Suite 100
           Las Vegas, NV 89119

11             (702) 486-3420 (phone)
           (702) 486-3773 (fax)

12             jwhelan@ag.nv.gov
           sclinton@ag.nv.gov

13

14             Nicole A. Saharsky (*pro hac vice*)
           Minh Nguyen-Dang (*pro hac vice*)

15             Mayer Brown LLP
           1999 K Street, NW

16             Washington, D.C. 20006
           (202) 263-3000 (phone)

17             nsaharsky@mayerbrown.com
           mnguyen-dang@mayerbrown.com

18

19             Rory K. Schneider (*pro hac vice*)
           Mayer Brown LLP
           1221 Avenue of the Americas

20             New York, NY 10020
           (212) 506-2500 (phone)

21             rschneider@mayerbrown.com

22             *Attorneys for Mike Dreitzer, George Assad,*
           *Chandeni K. Sendall, The State of Nevada on*

23             *Relation of the Nevada Gaming Control Board,*
           *and Aaron D. Ford*

24

25

26

27

28