Shay Dvoretzky (*pro hac vice*)
Parker Rider-Longmaid (*pro hac vice*)
Sylvia O. Tsakos (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
Telephone: (202) 371-7000
shay.dvoretzky@skadden.com
parker.rider-longmaid@skadden.com
sylvia.tsakos@skadden.com

Nowell D. Bamberger (*pro hac vice*)
Matthew C. Solomon (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 974-1500
nbamberger@cgsh.com
msolomon@cgsh.com

Bradley Austin
Nevada Bar No. 13064
baustin@swlaw.com
SNELL & WILMER
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5247

David Meister (*pro hac vice*)
Robert A. Fumerton (*pro hac vice*)
Judith A. Flumenbaum (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
david.meister@skadden.com
robert.fumerton@skadden.com
judy.flumenbaum@skadden.com

*Attorneys for North American Derivatives Exchange, Inc., d/b/a Crypto.com | Derivatives North America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| North American Derivatives Exchange, Inc. d/b/a Crypto.com \| Derivatives North America,<br><br>        Plaintiff,<br><br>      v.<br><br>Mike Dreitzer, in his official capacity as Chairman of the Nevada Gaming Control Board; George Assad, in his official capacity as a Member of the Nevada Gaming Control Board; Chandeni K. Sendall, in her official capacity as a Member of the Nevada Gaming Control Board; the State of Nevada on relation of the Nevada Gaming Control Board; Aaron D. Ford, in his official capacity as Attorney General of Nevada,<br><br>        Defendants. | Case No.: 2:25-cv-00978-APG-BNW<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to Local Rule 7-2(g), Plaintiff North American Derivatives Exchange, Inc. d/b/a Crypto.com | Derivatives North America ("CDNA") respectfully submits this Motion for Leave to File Notice of Supplemental Authority to bring to the Court's attention three complaints the Department of Justice ("DOJ") and the Commodity Futures Trading Commission ("CFTC") have filed against three states and their regulators (together, the "Complaints") and the CFTC's related press release:

- Complaint for Declaratory and Injunctive Relief, *United States of America and CFTC v. State of Arizona et al.* (D. Ariz. Apr. 2, 2026), attached as Exhibit 1;

- Complaint for Declaratory and Injunctive Relief, *United States of America and CFTC v. State of Connecticut et al.* (D. Conn. Apr. 2, 2026), attached as Exhibit 2;

- Complaint for Declaratory and Injunctive Relief, *United States of America and CFTC v. State of Illinois et al.* (N.D. Ill. Apr. 2, 2026), attached as Exhibit 3; and

- CFTC, *Release No. 9206-26: CFTC Frequently Asked Questions Concerning Trios of States to Reaffirm Its Exclusive Jurisdiction Over Prediction Markets* (Apr. 2, 2026), available at https://www.cftc.gov/media/13611/FAQ_PredictionMarkets 040226/download, attached as Exhibit 4.

These authorities offer further support for CDNA's pending Motion for a Protective Order (ECF No. 132) (the "Motion").

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Pursuant to Local Rule 7-2(g), the Court may grant a party leave to file a notice of supplemental authority upon a showing of "good cause."[1]  "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is . . . particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (granting motion for leave to file supplemental authority regarding "out-of-circuit" cases that were not controlling but "nonetheless . . . particularly persuasive and helpful").  Here, there is good cause to grant leave to file a notice

---

[1]  In granting CDNA's first motion for leave to file notice of supplemental authority, this Court "decline[d] to impose a narrow reading of 'supplemental pleadings, briefs, authorities, or evidence' under Local Rule 7-2(g) absent binding case law stating differently."  (ECF No. 171 at 2.)

of supplemental authority because the Complaints set forth the CFTC's interpretation of the Commodity Exchange Act ("CEA"), which is, as this Court concluded, "'particularly persuasive or helpful' as it relates to issues in the pending motion." (ECF No. 171 at 2.)  The Complaints involve the same dispute at issue here, i.e., whether the trading of sports event contracts on a federally regulated Designated Contract Market ("DCM") falls within the CFTC's "exclusive jurisdiction" (7 U.S.C. § 2(a)(1)(A)), with the DOJ and CFTC concluding that the CEA preempts state law as applied to event contracts listed on DCMs. (*See, e.g.*, Ex. 1 at ¶ 10; Ex. 2 at ¶ 8; Ex. 3 at ¶ 8.)

First, the CFTC explicitly confirmed that its three cases, which bear on the same dispute at issue here, "present pure issues of law, without disputed factual issues." (Ex. 4 at 1.)

Second, the Complaints make explicit that under the CFTC's interpretation, the CFTC—not the states—has exclusive jurisdiction to regulate trading on a DCM.  The CEA's grant of exclusive jurisdiction to the CFTC "prohibits States from invading the CFTC's exclusive jurisdiction over event contract transactions offered by and executed on federally regulated DCMs." (Ex. 1 at ¶ 10; Ex. 2 at ¶ 8; Ex. 3 at ¶ 8.)  The Complaints allege that by prohibiting DCMs from operating in their state without complying with state law, the states "directly interfere with [the CFTC's] authority pursuant to the federal scheme imposed by Congress through the CEA." (*Id.*)  This is a purely legal question, not a factual one.

These authorities are "particularly persuasive [and] helpful" authority demonstrating that discovery is unnecessary to resolve the purely legal questions at issue in this case.  Thus, this Court should grant this Motion for Leave to File Notice of Supplemental Authority, and further, issue a protective order to prevent irrelevant, disproportional, and burdensome discovery. (*See* ECF No. 132.)

Dated this 3rd day of April, 2026.

/s/ Bradley Austin
Bradley Austin
Nevada Bar No. 13064
SNELL & WILMER
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5247

David Meister (pro hac vice)
Robert A. Fumerton (pro hac vice)
Judith A. Flumenbaum (pro hac vice)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000

Shay Dvoretzky (pro hac vice)
Parker Rider-Longmaid (pro hac vice)
Sylvia O. Tsakos (pro hac vice)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
Telephone: (202) 371-7000

Nowell D. Bamberger (pro hac vice)
Matthew C. Solomon (pro hac vice)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 974-1500

Attorneys for North American Derivatives Exchange, Inc.,
d/b/a Crypto.com | Derivatives North America

4

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, District of Nevada by using the Court's CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


Dated April 3, 2026


/s/ Lyndsey Mosbey
Snell & Wilmer L.L.P.

**INDEX OF EXHIBITS TO PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| 1 | Complaint for Declaratory and Injunctive Relief, *United States of America and CFTC v. State of Arizona et al.* (D. Ariz. Apr. 2, 2026) | 1-33 |
| 2 | Complaint for Declaratory and Injunctive Relief, *United States of America and CFTC v. State of Connecticut et al.* (D. Conn. Apr. 2, 2026) | 34-60 |
| 3 | Complaint for Declaratory and Injunctive Relief, *United States of America and CFTC v. State of Illinois et al.* (N.D. Ill. Apr. 2, 2026) | 61-89 |
| 4 | CFTC, Release No. 9206-26: CFTC Frequently Asked Questions Concerning Trios of States to Reaffirm Its Exclusive Jurisdiction Over Prediction Markets (Apr. 2, 2026), available at https://www.cftc.gov/media/13611/ FAQ_PredictionMarkets 040226/download | 90-91 |