**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| North American Derivatives Exchange, Inc., | Case No. 2:25-cv-00978-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| The State of Nevada ex rel. the Nevada Gaming Control Board, et al., | |
| Defendants. | |

Before this Court is Plaintiff's motion for a protective order. ECF No. 132. State Defendants and the Nevada Resort Association ("NRA") opposed. ECF Nos. 134 and 135. Plaintiff replied. ECF No. 138. Several other supplements have been considered as well. ECF Nos. 155, 160, 177, 184, 185, 189. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to its order.

**I.   DISCUSSION**

Plaintiff argues this Court should apply Rule 26(c) as it is requesting a categorical prohibition of discovery—not a stay pending the resolution of the Ninth Circuit appeal. State Defendants and the NRA contend that, while they can meet the Rule 26(c) standard, Plaintiff's request is, in effect, one to stay discovery pending appeal. As such, they argue this Court should apply the *Nken* or *Landis* factors, which impose a more stringent standard than Rule 26(c).

Because, as explained below, this Court does not find good cause under Rule 26(c), it does not engage in the alternative argument.

Rule 26(c)(1) provides that a court may issue a protective order limiting discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has "the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

At the outset, this Court draws an important distinction between a complete prohibition on discovery and a stay of discovery pending appeal. A prohibition effectively presumes that no discovery will ever be necessary in this case, while a stay reflects only a temporary pause pending guidance from the appellate court.

Plaintiff's argument centers on the premise that discovery should be foreclosed entirely because the Ninth Circuit's forthcoming decision will likely be dispositive. Plaintiff asserts that a reversal would lead directly to injunctive relief, whereas an affirmance would result in Plaintiff abandoning the case—i.e., it would "pack its bags and go home."

But Plaintiff concedes the possibility—however unlikely—that the Ninth Circuit may rule in a manner that does not address the likelihood of success on the merits (i.e., by only addressing irreparable harm). Were that the case, several issues touching on the merits would still need to be developed below. And, as Plaintiff knows, this Court has previously ruled that some issues in this case may not be purely legal and may require discovery. *See KalshiEX, LLC v. Hendrick*, No. 2:25-cv-00575-APG-BNW, 2025 WL 2998554, at *2 (D. Nev. Sept. 3, 2025).

Having said that, this Court agrees that it is more likely that the Ninth Circuit will address the likelihood-of-success prong. Indeed, the Ninth Circuit's questions during oral arguments overwhelmingly focused on that prong. Although Robinhood argued error on the irreparable-harm prong, the panel proceeded to discuss likelihood of success, undermining any suggestion that it will decline to address that prong. Relatedly, and not insignificantly, at least one member of the panel—Judge Nelson—expressed serious doubts as to whether the CFTC has exclusive jurisdiction over the event contracts at issue in light of 17 C.F.R. § 40.11(a).

But even assuming the best-case scenario for Plaintiff, it is unclear which of the many arguments the Ninth Circuit would address to support a reversal—or whether that determination would foreclose other arguments advanced by State Defendants and the NRA. Put differently, the basis on which the Ninth Circuit could reverse remains too uncertain for it to constitute good cause supporting a complete prohibition on discovery.

Indeed, the scope of proceedings on remand may well include the need for discovery. And Plaintiff conceded as much. On that ground alone, it would be improper for this Court to

categorically prohibit discovery. And the Ninth Circuit supports the notion that discovery should continue pending preliminary injunction appeals. *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018).

Lastly, to the extent Plaintiff suggests, as proposed alternatively during oral argument, that this Court await the Ninth Circuit's decision to determine whether discovery is warranted and how it should be narrowed, that position begins to resemble a request for a stay under *Nken/Landis*—as to which there is little (if any) supporting arguments.

This Court also observes that, given the complexity of the issues and the consolidation of related arguments involving Kalshiex and Robinhood, a decision from the Ninth Circuit is not in the near future. In the interim, the uncertainty surrounding these proceedings continues to inflict harm on State Defendants and the NRA, as companies opt to locate prediction market activity outside Nevada. Thus, Plaintiff's cessation of event contracts within the state does not fully account for that broader harm.

Lastly, this Court notes that Plaintiff has already benefited from a (self-imposed) stay. At least as of the time of the oral argument on this motion, little had been exchanged.

In short, based on the above, Plaintiff has not carried its burden. As a result, the motion for a categorical prohibition on discovery is denied.

## II.   CONCLUSION

**IT IS ORDERED** that Plaintiff's motions to supplement (ECF Nos. 177, 184, 185, 189) are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a protective order (ECF No. 132) is **DENIED**.

DATED: April 27, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE