**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

North American Derivatives Exchange, Inc.,

Plaintiff,

v.

The State of Nevada ex rel. the Nevada Gaming Control Board, et al.,

Defendants.

Case No. 2:25-cv-00978-APG-BNW

**ORDER**

Before this Court is State Defendants'[1] Motion to Provisionally File Under Seal portions of State Defendants' Motion to Compel (ECF No. 198)[2], the Declaration of Rory K. Schneider in Support of its' Motion to Compel (ECF No.198-1)[3], and Exhibit H (ECF No. 198-9)[4] to the Schneider Declaration. ECF No. 200. Specifically, Defendants seek to seal the entirety of Exhibit H and redact portions of the brief related to the mentioning of Exhibit H. *Id.* at 3. Defendants take no position on the propriety of Plaintiff's designation. ECF No. 200 at 3.

Plaintiff, as the designating party, filed responses[5] setting forth the good cause it contends supports its sealing requests. ECF No. 202 at 2–4.[6] This Court therefore evaluates the showing made in Plaintiff's response.

**I. Legal Standard**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly

---

[1] Defendants Mike Dreitzer, George Assad, Chandeni K. Sendall, The State of Nevada on Relation of the Nevada Gaming Control Board, and Aaron D. Ford

[2] The sealed and unredacted version of this document is at ECF No. 199.

[3] The sealed and unredacted version of this document is at ECF No. 199-1.

[4] The sealed and unredacted version of this document is at ECF No. 199-2.

[5] A duplicate copy is lodged at ECF No. 203. This Court will refer to ECF No. 202 when citing to Plaintiff's response.

[6] Plaintiff, as the designating party, filed responses setting forth the good cause it contends supports its sealing requests. ECF No. 202 at 2–4.

accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, when the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179).

## II. DISCUSSION

Under the good cause standard, motions to seal have been granted "where they contain 'confidential, business-sensitive marketing strategy and technical product information,' that poses 'competitive harm' to the moving party." *Sessa v. Ancestry.com Operations Inc.*, No. 2:20-cv-02292-GMN-BNW, 2023 WL 1795856, at *2 (D. Nev. Feb. 6, 2023) (citing *Orthopaedic Hosp. v. DJO Glob., Inc.*, No. 3:19-cv-00970-JLS-AHG 2021, WL 3015413, at *2 (S.D. Cal. Feb. 22, 2021)). If any confidential information can be easily redacted while leaving meaningful information available to the public, courts must require that redactions be made rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *Nevada W. Petroleum, LLC v. BP W. Coast Prods., LLC*, No. 2:15-cv-01684-APG-PAL, 2016 WL 5107089, at *1 (D. Nev. Sept. 19, 2016). That preference for redaction presupposes that a redacted version would retain something of value to the public. Thus, where approved redactions would cover most of a document, such that a redacted public version would be effectively meaningless or unintelligible, courts have been willing to seal the document in its entirety. But the moving party must still demonstrate with specificity that the protected character

of the information pervades the document, rather than relying on a generalized confidentiality designation. *See Nevada W. Petroleum*, 2016 WL 5107089, at *1. As a result, this Court examines both the nature of the information and its distribution throughout the document before permitting wholesale sealing.

Here, each sealing request made by Defendants is attached to a non-dispositive motion to compel. As a result, this Court will apply the good cause standard.

Defendants move to seal Exhibit H (ECF No. 198-9), which Plaintiff, as the designating party, asserts there is good cause to seal it in its entirety. Exhibit H sets forth a confidential exchange between Plaintiff and the Commodity Futures Trading Commission ("CFTC") concerning Plaintiff's designated contract market application materials. Exhibit H discloses Plaintiff's operations, its operating procedures, and its approach to compliance with the Commodity Exchange Act ("CEA"). Plaintiff did not rely on a generalized confidentiality designation because Plaintiff represented that Exhibit H would reveal Plaintiff's trade secrets or confidential commercial or financial information. ECF No. 202 at 3.

This Court has reviewed Exhibit H and finds that competitors could derive strategic advantage from information they would not otherwise possess. Also, the countervailing interest in public access does not carry substantial weight, as Exhibit H is a private discovery material submitted in connection with a non-dispositive motion and unrelated to the merits of this action. Finally, redaction is not a workable alternative. This Court finds that confidential commercial information pervades the document; the responses are confidential in substance and excising them would leave no meaningful information available to the public. This Court finds good cause to seal Exhibit H in its entirety.

This Court also finds good cause to redact the limited portions of State Defendants' Motion to Compel (ECF No. 198 at 17) and the Declaration of Rory K. Schneider in support for the motion (ECF No. 198-1 at 16). The redacted portions are narrowly tailored to remove only references to Exhibit H. The Motion to Compel redacts a single-sentence quotation from Exhibit H and the Schneider Declaration redacts only Exhibit H's exact title and date. Thus, these documents may be kept in their redacted form at ECF Nos. 198 and 198-1.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that State Defendants' Motion to Provisionally File Under Seal (ECF No. 200) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to maintain ECF No. 199 under seal.

DATED: July 20, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE