**NOT FOR PUBLICATION**

FILED

AUG 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORTH AMERICAN DERIVATIVES EXCHANGE, INC., d/b/a Crypto.com | Derivatives North America,

Plaintiff - Appellant,

v.

STATE OF NEVADA, on Relation of the NEVADA GAMING CONTROL BOARD; MIKE DRETIZER, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, Deputy City Attorney, in her official capacity as a member of the Nevada Gaming Control Board; AARON D. FORD, in his official capacity as Attorney General of Nevada,

Defendants - Appellees,

NEVADA RESORT ASSOCIATION,

Intervenor-Defendant - Appellee.

No. 25-7187

D.C. No. 2:25-cv-00978-APG-BNW

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted April 16, 2026
San Francisco, California

Before: R. NELSON, BADE, and LEE, Circuit Judges.

Appellant North American Derivatives Exchange, Inc., d/b/a Crypto.com (Crypto) appeals the district court's order denying (1) its motion for a preliminary injunction and (2) its motion for judgment on the pleadings.[1] The district court had jurisdiction under 28 U.S.C. § 1331, as this action arises under the Supremacy Clause of the Constitution. U.S. Const. art. VI, cl. 2. We have jurisdiction to review the district court's order under 28 U.S.C. § 1292(a)(1), and we affirm.

We review the denial of a preliminary injunction for abuse of discretion. *NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1012 (9th Cir. 2025). "A district court abuses its discretion if it commits legal error." *Id.* To warrant preliminary injunctive relief, Crypto "must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the interim, and that an injunction is both equitable and in the public interest." *Id.*

1. Crypto argues that it "will likely succeed on its claim that the

[1] This case was consolidated for argument with two related cases, *KalshiEX, LLC v. Assad, et al.*, No. 25-7516, and *Robinhood Derivatives LLC v. Dreitzer, et al.*, No. 25-7831. This memorandum disposition is filed concurrently with an opinion in *KalshiEX*, and a memorandum disposition in *Robinhood Derivatives*.

[Commodity Exchange Act] CEA preempts Nevada's gaming laws as applied to the trading of [its] sports-event contracts." But we conclude that these sports event contracts are not "swaps" under 7 U.S.C. § 1a(47)(A)(ii), and therefore, they are not subject to the exclusive jurisdiction of the Commodity Futures Trading Commission (CFTC). *KalshiEX, LLC v. Assad, et al.*, No. 25-7516, slip op. at 41 (9th Cir. Aug. 28, 2026). We also reject Crypto's argument that "the CFTC has exclusive jurisdiction to regulate all trading on DCMs." Instead, we conclude that the CFTC has exclusive jurisdiction only over the trading described in § 2(a)(1)(A)'s grant of exclusive jurisdiction. *KalshiEX*, slip op. at 23; *see* 7 U.S.C. § 2(a)(1)(A) (providing that the CFTC has "exclusive jurisdiction" over "swaps or contracts of sale of a commodity for future delivery . . . traded or executed on a" designated contract market). Crypto's conflict and field preemption arguments also fail. *KalshiEX*, slip op. at 42–45. Likewise, we reject the argument that the determination of whether the sports event contracts constitute swaps under the CEA must be addressed in a suit "brought by an aggrieved party under the APA against the CFTC." *KalshiEX*, slip op. at 18–20.

2. We reject Crypto's argument that its sports event contracts can be considered "options" under § 2(a)(1)(A). First, Crypto did not argue in the district court that these contracts should be considered options, only that they should be considered swaps. We generally avoid exercising our discretion to consider

arguments raised for the first time on appeal. *See In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

Still, as a pure issue of law, we can decide this issue and we reject Crypto's argument. First, Crypto self-certified the contracts to the CFTC as swaps, not options, in their CFTC certification letters. Second, its argument relies only on a "passing statement" in a 2008 CFTC request for comment, rather than the ordinary or statutory definition of option. Crypto does not refer to § 1a(36), which defines option under the statute, likely because that definition is inapplicable to these contracts.

As we have held, in the CEA "an option means the contract whereby the creator (or writer) of the option grants to the purchaser the right, for a specified period of time, to either buy or sell the subject of the option at a predetermined price." *CFTC v. White Pine Tr. Corp.*, 574 F.3d 1219, 1226 (9th Cir. 2009) (quotation omitted). Crypto's sports wagers do not meet that definition.

3. Crypto's arguments on the other preliminary injunction factors mirror those discussed in the opinion filed concurrently in *KalshiEX*. Incorporating the reasoning from that opinion, we conclude that the other preliminary injunction factors favor Nevada. *See KalshiEX*, slip op. at 45–46.

4. We conclude that Crypto is not entitled to judgment on the pleadings. In passing on the final page of its brief, without citing authority, Crypto makes a

conclusory argument that we should reverse the district court's order denying judgment on the pleadings. Such briefing forfeits the issue. *See Chinaryan v. City of Los Angeles*, 113 F.4th 888, 903 (9th Cir. 2024) ("We do not consider inadequately briefed and perfunctory arguments that cite no authority."). Likewise, a judgment on the pleadings would be premature in this preliminary posture; it would require us to determine that Crypto is not just *likely* to succeed on the merits, but that it *will* succeed on the merits, something the district court declined to do.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

### Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

- The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 10. Bill of Costs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| **TOTAL:** | | | | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*